UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELE D.,

                Plaintiff,

      v.

KILOLO KIJAKAZI,[1] Commissioner of
  Social Security,

                Defendant.
_____

**DECISION
and
ORDER**

**20-CV-1168F**
(**consent**)

APPEARANCES:        FELICE A. BRODSKY, ESQ.
                             Attorney for Plaintiff
                             556 South Transit Road
                             P.O. Box 557
                             Lockport, New York  14095
                                  and
                             JAMES P. RATCHFORD, ESQ.
                             Attorney for Plaintiff
                             1207 Delaware Avenue
                             Suite 208
                             Buffalo, New York  14029
                                  and
                             FREDERICK LAW OFFICES, PLLC
                             Attorneys for Plaintiff
                             SARAH A. FREDERICK, of Counsel
                             4467 South Buffalo Street
                             Orchard Park, New York  14127

                             TRINI E. ROSS
                             UNITED STATES ATTORNEY
                             Attorney for Defendant
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, New York  14202
                                  and

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration on July 9, 2021, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

SHIRA RACHEL SISKIND
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza
Room 3904
New York, New York  12078

## JURISDICTION

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 26).  The matter is presently before the court on motions for judgment on the pleadings filed by Plaintiff on September 30, 2021 (Dkt. 20), and by Defendant on November 30, 2021 (Dkt. 21).

## BACKGROUND

Plaintiff Michele D. ("Plaintiff"), brings this action under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA") on March 9, 2017, for Social Security Disability Income ("SSDI") under Title II of the Act ("disability benefits").  Plaintiff alleges she became disabled on March 8, 2017, based on chronic severe migraines, irritable bowel syndrome, severe panic attacks/anxiety disorder, obsessive-compulsive disorder, asthma, diverticulosis (presence of tiny bulges or pockets in the colon), lower back problem, sleep apnea, neurocardiogenic syncope (fainting spells occurring when body overreacts to certain triggers), H pylori (bacterial infection of stomach), and fibromyalgia.  AR[2] at 169.  Plaintiff's application initially was denied on June 23, 2017.

---

[2] References to "AR" are to the pages of the Administrative Record electronically filed by Defendant on February 24, 2021 (Dkt. 9).

AR at 15, 67-74.  At Plaintiff's timely request, AR at 78-79, on January 4, 2019, an administrative hearing was held via videoconference before Administrative Law Judge ("ALJ") Theodore Kim ("the ALJ"), located in Falls Church, Virginia.  AR at 31-51 ("administrative hearing").  Appearing and testifying at the administrative hearing in Buffalo, New York, were Plaintiff, represented by Felice A. Brodsky, Esq., and vocational expert Suman Srinivasan ("the VE").

On March 17, 2019, the ALJ issued a decision denying Plaintiff's claim, AR at 12-30 ("ALJ's Decision"), which Plaintiff timely appealed to the Appeals Council.  AR at 141-42.  On July 1, 2020, the Appeals Council adopted the ALJ's Decision that Plaintiff was not disabled, AR at 1-6, thus rendering the ALJ's Decision the Commissioner's final decision.  On August 28, 2020, Plaintiff commenced the instant action seeking review of the ALJ's Decision denying Plaintiff disability benefits.

On April 2, 2021, Plaintiff moved for judgment on the pleadings (Dkt. 20) ("Plaintiff's Motion"), attaching the Memorandum of Law in Support of Plaintiff's Motion for Judgment on the Pleadings (Dkt. 20-1) ("Plaintiff's Memorandum").  On November 30, 2021, Defendant moved for judgment on the pleadings (Dkt. 21) ("Defendant's Motion"), attaching Commissioner's Memorandum in Support of Her Motion for Judgment on the Pleadings and in Response to Plaintiff's Memorandum (Pursuant to Local Rule 5.5 on Social Security Cases) (Dkt. 11-1) ("Defendant's Memorandum").  Filed on January 9, 2022, was Plaintiff's Reply (Dkt. 25) ("Plaintiff's Reply").  Oral argument was deemed unnecessary.

Based on the following, Plaintiff's Motion is GRANTED; Defendant's Motion is DENIED.

## **FACTS**[3]

Plaintiff Michele D. ("Plaintiff"), born February 23, 1966, was 51 years old as of her alleged disability onset date ("DOD") of March 8, 2017, and 53 years old as of March 17, 2019, the date of the ALJ's Decision.  AR at 15, 26, 36, 143, 159.  Plaintiff lives in a house with her husband and 10-year old daughter.  AR at 36, 45, 181.

Plaintiff attended regular classes in school, did not graduate high school, but obtained a GED in 1982 and completed a certified nursing assistant ("CNA") program in 1999.  AR at 35, 36, 170.  Plaintiff worked for the same assisted living center for 19 years, first as a CNA, moved into a CNA/memory care therapist with dementia patients, and most recently as a Wellness Manager responsible for staff, safety meetings, budgeting, and volunteerism, and directing activities for the dementia patients.  AR at 35, 36-37, 170-71, 195-97.  Plaintiff suffers from anxiety and increasing panic attacks caused Plaintiff to leave her job on March 8, 2019.  AR at 38-39, 179.

Plaintiff has a driver's license, drives, and drives her daughter to school.  AR at 182, 184.  Plaintiff describes her activities of daily living as taking care of her daughter and a pet, driving her daughter to and from school, cooking quick meals, shopping weekly, doing laundry, helping her daughter with homework, watching television, reading, and daily light housekeeping with her husband's help.  AR at 45-46, 182-84, 189.  Plaintiff's husband performs all outside chores.  AR at 45, 184.  Plaintiff can perform personal care, AR at 182-83, and can handle money including counting change, paying bills, and maintaining a savings account although her husband sometimes has to remind Plaintiff when bills are due.  AR at 185.  Because of her

---

[3] In the interest of judicial economy, recitation of the Facts is limited to only those necessary for determining the pending motions for judgment on the pleadings.

4

anxiety, Plaintiff does not like to leave the house, prefers to stay home with her immediate family, does not get along with other relatives or neighbors, and does not participate in many activities or attend events, but does speak to her best friend on the telephone once a week and occasionally goes out to breakfast with her friend.  AR at 45-46, 185-86.  In addition to her anxiety, Plaintiff's physical problems, including, *inter alia*, back pain, irritable bowel syndrome ("IBS"), asthma and migraine headaches, also contribute to Plaintiff's difficulties functioning both inside and outside the home.  AR at 44-45, 186-92.

It is undisputed that Plaintiff suffers from anxiety and panic attacks for which Plaintiff has received medical treatment, including medication and counseling, for years. Plaintiff has also sought medical treatment for her anxiety at emergency rooms and a hospitalization for a suspected heart attack in 2016 was later attributed to a panic attack.  AR at 40, 295.[4]  Plaintiff's primary care physician is Sonjoy Singh, M.D. ("Dr. Singh").  AR at 232-45, 309-17, 326-41, 439-86.  Treatment for Plaintiff's abdominal symptoms is rendered by Prabhakara Somayaji, M.D. ("Dr. Somayaji") of Niagara Family Medicine Associates, AR at 229-30, 307-17, and Donald J. Largo, Jr., M.D. ("Dr. Largo").  AR at 319-24.  Plaintiff receives treatment for her migraines at Niagara Neurology, AR at 224-28, and for low back pain from Michael R. Stoffman, M.D. ("Dr. Stoffman").  AR at 575-76.  Plaintiff received psychiatric treatment at Horizon Health Services from January 16, 2018 to September 20, 2018, AR at 433-37, 488-573, at Suburban Psychiatric from April 13, 2017 to August 31, 2017, where she saw psychiatrist Marica Nickolova, M.D. ("Dr. Nickolova"), AR at 290-94, 327-41, and from

---

[4] Plaintiff concedes that no records pertaining to Plaintiff's hospitalization for the suspected heart attack are in the Administrative Record.  Plaintiff's Memorandum at 5 n. 2.

psychologist Christina McBride, Psy.D. ("Dr. McBride"). AR at 578. On May 19, 2017, Plaintiff, in connection with her disability benefits application, underwent a psychiatric evaluation by Janine Ippolito, Psy.D. ("Dr. Ippolito"), AR at 295-99, and an internal medicine examination by John Schwab, D.O. ("Dr. Schwab"). AR at 301-04. On June 5, 2017, State Agency psychological consultant G. Kleinerman ("Dr. Kleinerman"), and review physician G. Feldman, M.D. ("Dr. Feldman") reviewed Plaintiff's medical records. AR at 52-66.

## DISCUSSION

**1.     Standard and Scope of Judicial Review**

A claimant is "disabled" within the meaning of the Act and entitled to disability benefits when she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 416(i)(1); 1382c(a)(3)(A). A district court may set aside the Commissioner's determination that a claimant is not disabled if the factual findings are not supported by substantial evidence, or if the decision is based on legal error. 42 U.S.C. §§ 405(g), 1383(c)(3); *Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). In reviewing a final decision of the SSA, a district court "is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks and citation omitted). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might

accept as adequate to support a conclusion." *Id*.  It is not, however, the district court's function to make a *de novo* determination as to whether the claimant is disabled; rather, "the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn" to determine whether the SSA's findings are supported by substantial evidence.  *Id*.  "Congress has instructed . . . that the factual findings of the Secretary,[5] if supported by substantial evidence, shall be conclusive."  *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

In short, the issue is not whether substantial evidence supports the claimant's argument, but "whether substantial evidence supports *the ALJ's decision*."  *Bonet ex rel. T.B. v. Colvin*, 523 Fed.Appx. 58, 59 (2d Cir. 2013) (italics in original).  "Under this 'very deferential standard of review,' 'once an ALJ finds facts, we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*.'"  *Id*. at 58-59 (quoting *Brault v. Social Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (italics in original).

## 2. Disability Determination

The definition of "disabled" is the same for purposes of receiving SSDI and SSI benefits.  *Compare* 42 U.S.C. § 423(d) *with* 42 U.S.C. § 1382c(a).  The applicable regulations set forth a five-step analysis the Commissioner must follow in determining eligibility for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.  *See Bapp v. Bowen*, 802 F.2d 601, 604 (2d Cir. 1986); *Berry v. Schweiker*, 675 F.2d 464 (2d Cir. 1982).  The first step is to determine whether the applicant is engaged in substantial

---

[5] Pursuant to the Social Security Independence and Program Improvements Act of 1994, the function of the Secretary of Health and Human Services in Social Security cases was transferred to the Commissioner of Social Security, effective March 31, 1995.

gainful activity during the period for which the benefits are claimed.  20 C.F.R. §§ 404.1520(b) and 416.920(b).  The second step is whether the applicant has a severe impairment which significantly limits the physical or mental ability to do basic work activities, as defined in the relevant regulations.  20 C.F.R. §§ 404.1520(c) and 416.920(c).  Third, if there is an impairment and the impairment, or its equivalent, is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 of the regulations ("Appendix 1" or "the Listings"), and meets the duration requirement of at least 12 continuous months, there is a presumption of inability to perform substantial gainful activity, and the claimant is deemed disabled, regardless of age, education, or work experience.  42 U.S.C. §§ 423(d)(1)(A) and 1382a(c)(3)(A); 20 C.F.R. §§ 404.1520(d) and 416.920(d).  As a fourth step, however, if the impairment or its equivalent is not listed in Appendix 1, the Commissioner must then consider the applicant's "residual functional capacity" or "RFC" which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding the limitations posed by the applicant's collective impairments, *see* 20 C.F.R. §§ 404.1520(e)-(f), and 416.920(e)-(f), and the demands of any past relevant work ("PRW").  20 C.F.R. §§ 404.1520(e) and 416.920(e).  If the applicant remains capable of performing PRW, disability benefits will be denied, *id*., but if the applicant is unable to perform PRW relevant work, the Commissioner, at the fifth step, must consider whether, given the applicant's age, education, and past work experience, the applicant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy."  *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks and citation omitted); 20 C.F.R. §§ 404.1560(c) and 416.960(c). The burden of proof is on the applicant for the first four steps, with the Commissioner

bearing the burden of proof on the final step.  20 C.F.R. §§ 404.1520(a)(4) and 416.920(a)(4); *Burgess v. Astrue*, 537 F.3d 117, 128 (2d Cir. 2008).  All five steps need not be addressed because if the claimant fails to meet the criteria at either of the first two steps, the inquiry ceases and the claimant is not eligible for disability benefits, but if the claimant meets the criteria for the third or fourth step, the inquiry ceases with the claimant eligible for disability benefits.  20 C.F.R. §§ 404.1520 and 416.920.

3.      **Analysis of Plaintiff's Arguments**

In the instant case, the ALJ found Plaintiff meets the insured status requirements for SSDI though December 31, 2022, AR at 17, did not engage in substantial gainful activity ("SGA") since March 8, 2017, Plaintiff's alleged disability onset date, *id*.,[6] and suffers from the severe impairments of migraine with aura, asthma, irritable bowel syndrome ("IBS"), degenerative disc disease ("DDD") of the lumbar spine with radiculopathy, generalized anxiety disorder, panic disorder, obsessive-compulsive disorder, and major depressive disorder, *id*. at 18, but that other conditions alleged by Plaintiff are not severe impairments, including obstructive sleep apnea, sigmoid diverticulosis, syncope, gastroenteritis and colitis, femoral hernia, vitamin D deficiency, hypertension, hypokalemia (low blood potassium), and sacroiliitis (inflammation of sacroiliac joints).  *Id*. at 18.  The ALJ also found Plaintiff does not have an impairment or combination of impairments meeting or medically equal to the severity of any listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id*. at 18-20.  Despite her impairments, the ALJ found Plaintiff retains the RFC to perform medium work as defined in 20 C.F.R. § 416.967(c), except that Plaintiff can occasionally push or pull, or operate

---

[6] The court notes that, as the ALJ found, AR at 17, Plaintiff's limited income earned after her asserted DOD did not amount to SGA.

foot controls with both lower extremities, frequently, as opposed to constantly, kneel, crouch, stoop, balance and crawl, frequently climb stairs and ramps, never climb ladders, ropers or scaffolds, never be exposed to unprotected heights and moving mechanical parts, can have occasional exposure to dust, mists, gases, noxious odors, fumes, pulmonary irritants and poor ventilation, can tolerate occasional exposure to extreme cold, extreme heat, and vibration, can never be exposed to strobe lights, flashing lights, or to bright lights such as those found on a theatre stage, can work in a modified noise environment as defined in the *Selected Characteristics of Occupations* ("SCO"), and can understand, carry-out, and remember simple instructions and make simple work related decisions, but that Plaintiff will be off-task 10 percent of the workday.  *Id*. at 20-24.  The ALJ further found Plaintiff is incapable of performing her PRW, *id*. at 24, but that based on Plaintiff's age on the alleged DOD of 51, defined as an individual closely approaching advanced age, and given Plaintiff's RFC, education, and ability to communicate in English, with transferability of skills irrelevant to the disability determination, there are jobs existing in significant numbers in the national economy that Plaintiff is capable of performing including as a cook helper and hospital cleaner.  *Id*. at 24-26.  Accordingly, the ALJ found Plaintiff was not disabled, as defined in the Act through the date of the ALJ's Decision.  *Id*. at 26.

Plaintiff does not challenge the ALJ's Decision with regard to the first three steps of the five-step sequential analysis, but argues that the ALJ erred in formulating Plaintiff's RFC at step four of the analysis.  In support of judgment on the pleadings, Plaintiff argues the ALJ's RFC determination is not based on substantive evidence with regard to off-task limitations, Plaintiff's Memorandum at 12-18, and the ALJ erred by

substituting his own medical judgment for that or any psychiatrist or psychologist with regard to Plaintiff's mental limitations.  *Id*. at 19-25.  In opposition, Defendant argues the ALJ's RFC determination is supported by substantial evidence.  Defendant's Memorandum at 6-16.  In reply, Plaintiff essentially reiterates the arguments made in Plaintiff's Memorandum.  Plaintiff's Reply at 3-11.  Based on Plaintiff's arguments, the matter should be remanded to the ALJ for a new hearing and decision.

With regard to Plaintiff's argument that the ALJ did not properly evaluate Plaintiff's off-task limitation in formulating Plaintiff's RFC, Plaintiff asserts the ALJ's specific determination that Plaintiff would be off-task for 10% of the workday, is not supported by any evidence in the record.[7]  Plaintiff's Memorandum at 12-18.  "*Specific* RFC assessments must be based on evidence in the record, not on an 'ALJ's own surmise.'"  *Elder v. Comm'r of Soc. Sec.*, 2019 WL 6320355, at * 5 (W.D.N.Y. Nov. 26, 2019) ("*Elder*") (italics added) (quoting *Cosnyka v. Colvin*, 576 Fed.Appx. 43, 46 (2d Cir. 2014) ("*Cosnyka*")).  Relevantly, in *Cosnyka*, the Second Circuit rejected the ALJ's specific determination that the claimant would be off-task for "comfort breaks" for six minutes of each hour which was not supported by any evidence in the record and, thus, was based only on the ALJ's own surmise.  *Cosnyka*, 576 Fed.Appx. at 46.  In contrast, in *Johnson v. Colvin*, 669 Fed.Appx. 44 (2d Cir. 2016) ("*Johnson*"), on which Defendant relies, Defendant's Memorandum at 9, the Second Circuit affirmed the ALJ's assigning "a particular percentage range (0-10%) to illustrate [the plaintiff's] limitation" and distinguished the assignment of a limitation range from cases where the Second Circuit "rejected highly specific findings that were unsupported from the record . . . ."  *Johnson*,

---

[7] The ALJ did not indicate, nor do the parties argue, whether the 10% off-task limitation is attributed to Plaintiff's physical impairments, mental impairments, or both.

669 Fed.Appx. at 47 (citing cases including *Cosnyka*, 576 Fed.Appx. at 46)). *See also James G. v. Comm'r of Soc. Sec.*, 2022 WL 2180158, at * 7 (W.D.N.Y. June 16, 2022) ("*James G.*") (affirming the ALJ's determination that the plaintiff was not disabled where the 5% off-task limitation assigned by the ALJ was not unsupported by any evidence showing a greater off-task percentage of time should have been used because "the ALJ carefully crafted the RFC so that it does not specifically require the off-task time, but rather, allows such off-task time," which was "further highlighted by the question posed to the VE, *i.e.*, not that Plaintiff *will* be off task 5% of the workday but rather whether such jobs would *allow* Plaintiff to be off task 5% of the day.").

In the instant case, the ALJ's formulation of Plaintiff's RFC included the specific determination that "[t]he claimant [Plaintiff] will be off task 10 percent of the workday." AR at 20. The 10% off-task limitation, however, is tethered only to the hypothetical posed by the ALJ the VE regarding an individual who would be off-task 20% of the workday and absent two or more days per month, to which the VE responded such limitation "would be work-preclusive" because "[m]ost employers will tolerate up to and including 10 percent of the workday in off task," and "no more than one unscheduled absence per month will be tolerated." AR at 50. A VE's response to a hypothetical posed by the ALJ that is not supported by any evidence is not substantial evidence accurately reflecting the limitations and capabilities of the Plaintiff. *See McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (an ALJ may rely on a VE's response to a hypothetical only where the assumptions included in the hypothetical and on which the VE's opinion is based accurately reflects the claimant's limitations and capabilities). That the administrative record is completely bereft of any evidence supporting this

12

highly specific determination positions Plaintiff's claim closer to that before the court in *Cosnyka* and *Elder*, than in *Johnson* and *James G.*, requiring the matter be remanded.

Plaintiff also argues the ALJ erred by failing to incorporate any mental limitations into the RFC formulation despite granting "some weight" to Dr. Ippolito's opinion, which included such limitations. Plaintiff's Memorandum at 19-25. In opposition, Defendant argues the ALJ was not "required to tie the RFC determination to a medical opinion," Defendant's Memorandum at 7, and the ALJ's RFC formulation "generally accounts for Dr. Ippolito's opinions" insofar as the RFC limits Plaintiff to understanding and carrying out simple instructions and making simple work-related decisions which is consistent with Dr. Ippolito's findings. *Id*. at 11-16. In reply, Plaintiff argues the ALJ's only limitation included in the mental RFC is to limit Plaintiff to unskilled work which does not account for Dr. Ippolito's opinion that Plaintiff has "marked" limitations in regulating emotions, controlling behavior, and maintaining well-being, which opinion was based on clinical observations that Plaintiff's posture was tense with anxious affect and mood, impaired attention and concentration, and mildly impaired recent and remote memory. Plaintiff's Reply at 7-8 (citing AR at 22-23, 297-98).

"An ALJ may not assign a medical opinion 'some' weight and claim to premise his RFC determination on the opinion if her or she actually rejects the opinion in relevant part." *Kemp v. Commissioner of Social Security*, 2020 WL 5016684, at * 3 (W.D.N.Y. Aug. 25, 2020) (citing *Piper v. Comm'r of Soc. Sec.*, 2020 WL 4499530, at * 3-5 (W.D.N.Y. Aug. 4, 2020) (remanding where ALJ reported giving 'some' weight to a medical opinion, but effectively rejected the opinion with regard to other limitations)). In the instant case, the ALJ stated he was giving Dr. Ippolito's opinion "some weight," AR

at 22, and incorporated Dr. Ippolito's finding that Plaintiff is mildly limited with regard to understanding, remembering, or applying complex directions and instructions, AR at 298, by limiting Plaintiff to work requiring only the ability to understand, carry-out, and remember simple instructions, and make only simple work-related decisions. AR at 20. Nevertheless, the ALJ, without explanation, fails to incorporate into the RFC formulation any limitations regarding Dr. Ippolito's findings, AR at 298, including that Plaintiff has mild to moderate limitations with regard to sustaining concentration and performing tasks at a consistent pace, moderate limitations sustaining an ordinary routine and regular attendance at work, and marked limitations in regulating emotions, controlling behavior, and maintaining well-being based on Plaintiff's emotional distress. Although limiting a claimant to unskilled work has been held to accommodate mild to moderate "limitations relating to stress and production pace," *see Tatelman v. Colvin*, 296 F.Supp.3d 608, 613 (W.D.N.Y. 2017) (citing cases), the court's research reveals no case law establishing that limiting a claimant to unskilled work sufficiently accommodates marked limitations to regulating emotions, controlling behavior, and maintaining well-being. Accordingly, the ALJ erred by failing to explain his reasons for implicitly rejecting portions of Dr. Ippolito's opinion, despite affording it "some" weight, requiring remand. *See Winter v. Comm'r of Soc. Sec.*, 2020 WL 2465080, at *4 (W.D.N.Y. May 12, 2020) (quoting *York v. Comm'r of Soc. Sec.*, 357 F. Supp. 3d 259, 261–62 (W.D.N.Y. 2019) (holding that, although ALJ gave "partial" weight to "the only medical opinion evidence of record," the ALJ's rejection of the assessment in relevant part "based upon the ALJ's own lay interpretation of raw medical data" was "not supported by substantial evidence")).

## **CONCLUSION**

Based on the foregoing, Plaintiff's Motion (Dkt. 20) is GRANTED; Defendant's Motion (Dkt. 21) is DENIED; the matter is REMANDED to the Commissioner for further proceedings consistent with this Decision and Order. The Clerk of Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    July 22nd, 2022
          Buffalo, New York