UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE D.,

                      Plaintiff,
     v.

MARTIN O'MALLEY,[1] Commissioner of
  Social Security,

                      Defendant.
_____

**DECISION
and
ORDER**

**20-CV-1168-LGF**

**(consent)**

APPEARANCES:         FREDERICK LAW OFFICES, PLLC
                                     Attorneys for Plaintiff
                                     SARAH A. FREDERICK, of Counsel
                                     4467 S. Buffalo Street
                                     Orchard Park, New York 14127;

                                     FELICE A. BRODSKY, ESQ.
                                     556 South Transit Road
                                     P.O. Box 557
                                     Lockport, New York 14095
                                           and
                                     JAMES P. RATCHFORD, ESQ.
                                     1207 Delaware Avenue
                                     Suite 208
                                     Buffalo, New York 14209

                                     TRINI E. ROSS
                                     UNITED STATES ATTORNEY
                                     Attorney for Defendant
                                     Federal Centre
                                     138 Delaware Avenue
                                     Buffalo, New York 14202
                                           and

---

[1] Martin O'Malley became the Acting Commissioner of the Social Security Administration on December 20, 2023, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case. No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

SHIRA RACHEL SISKIND
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
26 Federal Plaza
Room 3904
New York, New York  12078
          and
JESSAMYN LYNETTE HANNA
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland  21235

## JURISDICTION

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 26).  The matter is presently before the court on Plaintiff's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed August 14, 2023 (Dkt. 32).

## BACKGROUND

Plaintiff commenced this action on August 28, 2020, pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 9, 2017, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits").  Opposing motions for judgment on the pleadings were filed, Dkt. 20 (Plaintiff's motion), and Dkt. 25 (Defendant's motion), and in a Decision and Order filed July 22, 2022 (Dkt. 28) ("Decision and Order"), judgment on the pleadings was granted

by the undersigned in favor of Plaintiff with the matter remanded to the Commissioner for further proceedings consistent with the Decision and Order.

On July 26, 2022, in connection with the remand, the parties stipulated to award Plaintiff's attorneys under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 8,009.50 in fees ("EAJA fees").  Plaintiff's counsel concedes the EAJA fees were received.  Dkt. 32-1 at 4.[2]

On July 29, 2023, the SSA issued two Notices of Award.  The first notice grants Plaintiff disability benefits and advising that $ 12,820.50 was being withheld from the past-due disability benefits to pay attorney fees and that Plaintiff's next disability benefits check would be for $ 21,809.50 in retroactive benefits. Dkt. 32-4 at 1-3 ("Plaintiff's Award Notice").  The second notice and grants Plaintiff auxiliary benefits for her child advising that $ 1,809.00 was being withheld from the past-due auxiliary benefits to pay attorney fees and that Plaintiff's next auxiliary benefits check would be for $ 4,351.00 in retroactive benefits. Dkt. 32-4 at 6-8 ("Plaintiff's Auxiliary Benefits"). Plaintiff maintains both retroactive benefits cover only the two-year period March 8, 2017 through March 8, 2019, after which Plaintiff received benefits on a subsequently filed claim.  Dkt. 32-1 at 3 n. 3.

On August 14, 2023, Plaintiff filed the instant motion pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"), seeking $ 14,629.50 in attorney fees with the stipulation that upon receipt of the funds, Plaintiff's counsel will refund the previously received fees to Plaintiff.  (Dkt. 32-1).  In response (Dkt. 34), the Commissioner neither supports nor opposes awarding Plaintiff's counsel $ 14,629.50 in attorney fees, but only requests the

---

[2] Plaintiff's counsel does not indicate when the EAJA fees were received.

3

court direct Plaintiff's counsel to reimburse Plaintiff for any EAJA fees previously received.

## **DISCUSSION**

As relevant to the instant motion, the Act provides

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A) ("§ 406").

Here, in retaining counsel in connection with her disability benefits application, Plaintiff executed a contingent Fee Agreement[3] providing counsel with permission to apply for fees up to 25% of any retroactive benefits awarded under § 406 if Plaintiff's disability benefits application required litigation in federal court.

Even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Where, as here, there exists an attorney-client contingent fee agreement, "§ 406 does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of any such arrangements as an independent check to assure that they yield reasonable results in particular cases." *Id*. Contingent fee agreements are also entitled to some deference, *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990), in "the interest

---

[3] A copy of the Fee Agreement is filed as Dkt. 32-2.

4

in assuring that attorneys continue to represent clients such as the plaintiff." *Gisbrecht*, 535 U.S. at 805.  Nevertheless, contingent fee agreements "are unenforceable to the extent that the provide for fees exceeding 25 percent of the past-due benefits." *Id*.  As such, "[w]ithin the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id*.

The Second Circuit Court of Appeals has identified three factors to be considered in determining whether to approve the full amount of attorney fees requested under a contingent fee agreement, including (1) whether the requested fee is within the 25% statutory cap; (2) whether there was any fraud or overreaching in making the contingent fee agreement; and (3) whether the requested fee is so large as to be a "windfall" to the attorney.  *Wells*, 907 F.2d at 372.  The court is also required to assess whether the requested fee is inconsistent with the character of the legal representation and the results achieved by legal counsel, as well as whether counsel affected any unreasonable delay in the proceedings to increase the retroactive benefits and, consequently, the attorney's own fee.  *Joslyn v. Barnhart*, 389 F.Supp.2d 454, 456 (W.D.N.Y. 2005) (citing *Gisbrecht*, 535 U.S. at 808).  Here, the Commissioner neither supports nor opposes awarding Plaintiff's counsel $ 14,629.50 in attorney fees pursuant to § 406(b), but only requests the court direct Plaintiff's counsel to reimburse Plaintiff for any EAJA fees previously received.  Dkt. 34 at 2, 4.  Despite the Commissioner's concession to the award of $ 14,629.50 in attorney fees provided Plaintiff's counsel reimburses Plaintiff for the previously awarded EAJA fees, a plain review of the Award Notices establishes the amount of past-due benefits withheld by the SSA for the payment of attorney fees is not supported by the documentation provided.

5

In particular, although Plaintiff maintains that the retroactive benefits cover only the two-year period March 8, 2017 through March 8, 2019, after which Plaintiff received benefits on a subsequently filed claim, Dkt. 32-1 at 3 n. 3, neither Plaintiff's Award Notice nor the Auxiliary Award Notice indicates that benefits are being awarded for a closed two-year period.  Further, both Plaintiff's Award Notice and the Auxiliary Award Notice, each dated July 29, 2023, advises that Social Security benefits for any given month are paid in the following month and that the next check Plaintiff would receive would be the money due to Plaintiff "*through June 2023*."  Dkt. 32-4 at 1 (Plaintiff's Award Notice) and 6 (Auxiliary Award Notice).  Both notices also advise that Plaintiff would continue to receive the disability benefits and the auxiliary benefits with the July 2023 payment to be made in August 2023.  *Id*.  The notices thus call into question whether Plaintiff is correct that such awards were for a closed two-year period from March 2017 through March 2019.[4]

Even assuming the amounts of the past-due benefits withheld are correct, the stated amounts of the past-due benefits do not support the amounts withheld for attorney fees.  Specifically, according to Plaintiff's Award Notice, Plaintiff's past-due disability benefits are $ 21,809.50 which the SSA states is *net of* $ 12,820.50 withheld for payment of attorney fees, establishing that the total past-due benefits for Plaintiff without any amount withheld for attorney fees is $ 34,630.00.[5]  The 25% maximum

---

[4] The court notes the amounts of past-due benefits as stated in Plaintiff's Award Notice and the Auxiliary Award Notice, based on the stated monthly payments of, respectively, $ 1,189.00, and $ 540.00, are more, but not entirely, consistent with a closed period of benefits commencing in March 2017 and continuing until March 2019, as Plaintiff maintains, Dkt. 32-1 at 3 n. 3, than with payments continuing beyond March 2019.
[5] $21,809.50 + $ 12,820.50 = $ 34,630.00.

6

amount that could be withheld for § 406(b) attorney fees thus is only $ 8,657.50,[6] which is $ 4,163.00 less than the $ 12,820.50 withheld by the SSA.[7]  The $ 12,820.50 withheld by the SSA for attorney fees is 37% of Plaintiff's total past-due disability benefits of $ 34,630.00,[8] well in excess of the 25% permitted by § 406(b), *i.e.*, $ 8,657.00, as well as the Fee Agreement.[9]

Similarly, according to the Auxiliary Award Notice, Plaintiff's past-due auxiliary benefits for her child are $ 4,351.00 which the SSA states is *net of* $ 1,809.00 withheld for payment of attorney fees, establishing that the total past due auxiliary benefits without any amount withheld for attorney fees is $ 6,160.00.[10]  The 25% maximum amount that could be withheld for § 406(b) attorney fees from this figure is only $ 1,540.00,[11] which is $ 269.00 less than the $ 1,809.00 withheld by the SSA.[12]  Further, the $ 1,809.00 withheld for attorney fees is 29% of Plaintiff's total past-due auxiliary benefits of $ 6,160.00,[13] which is in excess of the fee agreement and statutorily permitted 25%.[14]

Because § 406(b) flatly prohibits the court from awarding more than 25% in past-due benefits as attorney fees, the court can only award Plaintiff's counsel a total of

---

[6] $34,630 X 25% = $ 8,657.50.
[7] $ 12,820.50 - $ 8,657.50 = $ 4,163.00.
[8] $ 12,820.50 ÷ $34,630.00 = 37 %.
[9] The court notes that the requested fee of $ 12,820.50 would require the withheld disability benefits total $ 51, 282.00 ($12,820.50 ÷ 25%).
[10] $ 4,351.00 + $ 1,809.00 = $ 6,160.00.
[11] $ 6,160.00 X 25% = $ 1,540.00.
[12] $ 1,809.00 - $ 1,540.00 = $ 269.00.
[13] $ 1,809.00 ÷ $ 6,160.00 = 29 %.
[14] The court notes that a fee of $ 1,809.00 would require withheld auxiliary benefits totaling $ 7,236.00 ($ 1,809.00 ÷ 25%).

$ 10,197.50 in attorney fees ($ 8,657.50 + $ 1,540.00).  If there is some other explanation for these apparent discrepancies, it is not in the record.  In short, the amount of fees requested for Plaintiff's counsel, *i.e.*, $ 14,629.50, although not contested by Defendant, is not supported by the record, and the court is statutorily restricted to awarding as attorney fees, at most, only 25% of the past due benefits, here, $ 10,197.50 ("recalculated fee request").  Although the requested fee is not within the 25% statutory cap, there does not appear to be any fraud or overreaching in the amount requested; rather, both Plaintiff and Defendant appear to have blindly relied on the amounts stated in Plaintiff's Award Notice and the Auxiliary Award Notice without checking the math which would have revealed the error.  Accordingly, the court considers whether the recalculated fee request is so large as to be a "windfall" to the attorney.  *Wells*, 907 F.2d at 372.

      Plaintiff's counsel asserts she expended a total of 38.3 hours representing Plaintiff in this matter, including, *inter alia*, reviewing the decision of the Administrative Law Judge ("ALJ") denying Plaintiff benefits at the administrative level, reviewing the 581 page administrative record, preparing and filing the complaint, preparing Plaintiff's motion for judgment on the pleadings and the accompanying memorandum of law, reviewing Defendant's motion for judgment on the pleadings, and drafting the reply.  Dkt. 32-1 at 10-16; 32-5 at 1.  Dividing the recalculated fee request of $ 10,197.50 by 38.3 hours results in an hourly rate of $ 266.25, a rate that is quite reasonable for the time Plaintiff expended on this matter.

      Relevantly, counsel's efforts in this matter were clearly successful as they resulted in an award of benefits to Plaintiff upon remand.  The memorandum of law

Plaintiff's counsel prepared in connection with Plaintiff's motion for judgment on the pleadings was comprehensive and highlighted several evidentiary matters critical to Plaintiff's disability benefits including that the ALJ's determination that Plaintiff was not disabled was based on the vocational expert's response to a hypothetical posed by the ALJ that was not supported by the record, as well as the ALJ's failure to include in Plaintiff's mental residual functional capacity several marked limitations that were supported by the record.  Based on the thoroughness of Plaintiff's counsel's work, which resulted in obtaining disability benefits for Plaintiff, the court does not find the recalculated fee award is unreasonable or a windfall.[15]  Indeed, this court has approved under § 406 attorney fee awards representing much higher hourly rates.  *See*, *e.g.*, *McDonald v. Commissioner of Social Security*, 2019 WL 1375084, at * 2-3 (W.D.N.Y. Nov. 7, 2019) (approving attorney fee award of $ 30,602.75 for 29.1 hours of work resulting in hourly rate of $ 1,051.64); *Joslyn v. Barnhart*,  389 F.Supp.2d 454, 455-56 (W.D.N.Y. 2005) (approving attorney fee award of $ 38,116.50 for 42.75 hours of work resulting in hourly rate of $ 891.61).[16]  Furthermore, the 25% award is consistent with the contingent fee agreement which is entitled to some deference.  *Wells*, 907 F.2d at 371.

## **CONCLUSION**

Based on the foregoing, Plaintiff's motion for attorney fees under § 406(b) (Dkt. 32) is GRANTED in part insofar as Plaintiff requests an award of attorney fees, but is

---

[15] Notably, the 25% statutory cap is lower than the one-third contingent fee arrangement typical for personal injury actions.
[16] The hourly rate based on the originally requested amount for attorney fees – $ 14,629.50 – would be $ 381.97, an amount that, if correct, also would be reasonable and not a windfall.

9

DENIED in part as to the amount of attorney fees requested to be awarded; Plaintiff is to provide any further documentation addressing the issues raised in this Decision and Order **by July 30, 2024** which will then be considered.  If Plaintiff does not submit any relevant documentation by July 30, 2024, then Plaintiff's counsel will be awarded **$ 10,197.50** in fees pursuant to 42 U.S.C. § 406(b) and the Commissioner will be directed to release the funds withheld from Plaintiff's retroactive benefits award upon receipt of which Plaintiff's counsel is directed to remit the previously received EAJA fees to Plaintiff.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    July 9, 2024
          Buffalo, New York