UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MICHELLE D.,

                         Plaintiff,

      v.

MARTIN O'MALLEY,[1] Commissioner of
  Social Security,

                         Defendant.
_____

**DECISION
and
ORDER**

**20-CV-1168-LGF**

**(consent)**

APPEARANCES:           FREDERICK LAW OFFICES, PLLC
                                  Attorneys for Plaintiff
                                  SARAH A. FREDERICK, of Counsel
                                  4467 S. Buffalo Street
                                  Orchard Park, New York  14127

                                  FELICE A. BRODSKY, ESQ.
                                  556 South Transit Road
                                  P.O. Box 557
                                  Lockport, New York  14095
                                       and
                                  JAMES P. RATCHFORD, ESQ.
                                  1207 Delaware Avenue
                                  Suite 208
                                  Buffalo, New York  14209

                                  TRINI E. ROSS
                                  UNITED STATES ATTORNEY
                                  Attorney for Defendant
                                  Federal Centre
                                  138 Delaware Avenue
                                  Buffalo, New York  14202
                                       and

---

[1] Martin O'Malley became the Acting Commissioner of the Social Security Administration on December 20, 2023, and, pursuant to Fed.R.Civ.P. 25(d), is substituted as Defendant in this case.  No further action is required to continue this suit by reason of sentence one of 42 U.S.C. § 405(g).

JESSAMYN LYNETTE HANNA
Special Assistant United States Attorney, of Counsel
Social Security Administration
Office of General Counsel
6401 Security Boulevard
Baltimore, Maryland  21235

## JURISDICTION

On April 1, 2022, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned.  (Dkt. 26).  The matter is presently before the court for consideration of additional papers filed by Plaintiff's attorney in further support of Plaintiff's motion for approval of attorney fees under 42 U.S.C. § 406(b), filed August 14, 2023 (Dkt. 32), as directed by the undersigned in the Decision and Order filed July 9, 2024 (Dkt. 35).

## BACKGROUND

Plaintiff commenced this action on August 28, 2020, pursuant to Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of the Commissioner of Social Security's final decision denying Plaintiff's application filed with the Social Security Administration ("SSA"), on March 9, 2017, for Social Security Disability Insurance under Title II of the Act ("SSDI" or "disability benefits").  On July 22, 2022, the undersigned granted Plaintiff's motion for judgment on the pleadings (Dkt. 20), denied Defendant's cross-motion for judgment on the pleadings (Dkt. 25), and remanded the matter to the Commissioner for further proceedings consistent with the Decision and Order.  July 22, 2022 Decision and Order (Dkt. 28) ("Remand Order").  On July 26, 2022, in connection with the Remand Order, the parties

stipulated to award Plaintiff's attorneys under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), $ 8,009.50 in fees ("EAJA fees").  Plaintiff's counsel concedes the EAJA fees were received.  Dkt. 32-1 at 4.[2]

On July 29, 2023, the SSA issued two Notices of Award, the first granting Plaintiff disability benefits and advising that $ 12,820.50 was being withheld from the past-due disability benefits of $ 21,809.50 to pay attorney fees, Dkt. 32-4 at 1-3 ("Initial Award Notice"), and the second granting Plaintiff auxiliary benefits for her child advising that $ 1,809.00 was being withheld from the past-due auxiliary benefits of $ 4,351.00 to pay attorney fees. Dkt. 32-4 at 6-8 ("Auxiliary Benefits Notice").  The past-due disability and auxiliary benefits were also net of the amounts withheld to pay attorney fees.  Plaintiff explained that both retroactive benefits covered only the two-year period March 8, 2017 through March 8, 2019, after which Plaintiff received benefits on a subsequently filed claim.  Dkt. 32-1 at 3 n. 3.

On August 14, 2023, Plaintiff moved pursuant to 42 U.S.C. § 406(b) ("§ 406(b)"),[3] seeking $ 14,629.50 in attorney fees with the stipulation that upon receipt of the funds, Plaintiff's counsel will refund the previously received fees to Plaintiff.  (Dkt. 32-1) ("Plaintiff's motion").  In response (Dkt. 34), the Commissioner neither supported nor opposed awarding Plaintiff's counsel $ 14,629.50 in attorney fees, but requested the court direct Plaintiff's counsel to reimburse Plaintiff for any EAJA fees previously

---

[2] Plaintiff's counsel does not indicate when the EAJA fees were received.

[3] As relevant to the instant motion, § 406(b) provides,
> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

42 U.S.C. § 406(b)(1)(A).

3

received. In the Decision and Order filed July 9, 2024 (Dkt. 35) ("D&O"), the undersigned granted Plaintiff's motion insofar as Plaintiff's attorney sought an award of attorney fees, but not the amount of fees requested which exceeded the statutorily permitted 25% of the past due benefits, *i.e.*, $ 10,197.50, an amount which the court also found was reasonable and consistent with a contingent Fee Agreement[4] Plaintiff executed providing Plaintiff's counsel with permission to apply for attorney fees up to 25% of any retroactive benefits awarded pursuant to § 406(b). D&O at 6-9. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002) (providing that even if the requested attorney fee does not exceed the statutory 25% cap, "the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). Plaintiff was also granted until July 30, 2024 to provide further documentation addressing the disparity between the amount of attorney fees requested and the amount of attorney fees that could be awarded pursuant to the statute. *Id*. at 10. Accordingly, on July 30, 2024, Plaintiff filed the Response Memorandum in Support of Plaintiff's Attorney's Motion for an Award of Attorney Fees Under 42 U.S.C. § 406(b) (Dkt. 36) ("Plaintiff's Response").

## **DISCUSSION**

In Plaintiff's Response, Plaintiff explains that the requested attorney fees are based on Plaintiff's Initial Award Notice and the Auxiliary Benefits Notice, both dated July 29, 2023, and covering the two-year period March 8, 2017 through March 8, 2019,

---

[4] A copy of the Fee Agreement is filed as Dkt. 32-2.

but that on November 5, 2023, Plaintiff received a subsequent notice advising past-due benefits for September 2017 through April 2023 were $ 80,066.70 for Plaintiff and $ 23,885.00 for Plaintiff's family.  Dkt. 36-1 ("Subsequent Award Notice") at 1.  Plaintiff was further advised that $ 12,820.50 was being withheld from Plaintiff's past-due benefits, and $ 1,809.00 was being withheld from the auxiliary past-due benefits for payment of attorney fees.  *Id*. at 2.  In total, $ 14,629.50 was withheld from the combined past-due benefits for payment of attorney fees, the same amount Plaintiff's attorney originally sought and continues to seek in connection with her representation of Plaintiff in this action.  *Id*.  Plaintiff's attorney explains that she did not provide the Subsequent Award Notice to the court when Plaintiff's motion was filed on August14, 2023, because Plaintiff was required to file the motion within 14 days of receipt of the final notice of award, *i.e.*, the July 29, 2023 Initial and Auxiliary Award Notices, with an additional three days permitted to allow for mailing.  Plaintiff's Response at 2 (citing *Sinkler v. Berryhill*, 932 F.3d 83, 88 (2d Cir. 2019) (motion for attorney fee award was subject to Fed.R.Civ.P. 54(d)(2)(B)'s requirement that motions for attorney fees be filed within 14 days of entry of judgment).

      Initially, the court observes that the filing of the Subsequent Award Notice does not resolve all the issues identified in the D&O with the attorney's fees Plaintiff requests.  In particular, the Auxiliary Award Notice calculates Plaintiff's retroactive benefits due as $ 80,066.70, and Plaintiff's family members' retroactive benefits as $ 23,885.00 for total retroactive benefits of $ 103,951.70.  The statutory 25% maximum recoverable for attorney fees thus is $ 25,97.93, but the Commissioner has withheld only $ 14,629.50, *i.e.*, 14.07% of the total past due benefits.  Although the Subsequent Award Notice also

5

refers to a fee agreement between Plaintiff and Plaintiff's counsel pursuant to which Plaintiff's counsel cannot charge Plaintiff more than $ 7,200 for representing Plaintiff in this action, the Fee Agreement in the record does not contain such language but, rather, provides that Plaintiff agreed that Plaintiff's counsel could receive the statutory 25% of past-due benefits awarded to both Plaintiff and Plaintiff's family members.  *See* Fee Agreement (Dkt. 32-2) at 1.  Accordingly, the lower amount withheld from the past-due benefits cannot be attributed to the Fee Agreement.  Further, the Subsequent Award Notice provides that the retroactive benefits pertain to the period September 2017 through April 2023, in contrast to the Initial Award Notice and the Auxiliary Award Notice, which Plaintiff maintains pertains only to the period March 8, 2017 through March 8, 2019, Plaintiff's Response at 3 (referencing Plaintiff's Memorandum (Dkt. 32-1) at 3 n. 3),[5] and there is no explanation for this discrepancy.

      Nevertheless, because the amount of attorney fees requested, $ 14,629.50, has been approved by the Commissioner, does not exceed the statutory limit of 25 %, and is not opposed by Defendant, the court GRANTS the attorney fees as requested in Plaintiff's motion, with Plaintiff DIRECTED to remit the previously received EAJA fees to Plaintiff.

---

[5] The court notes neither the Initial Award Notice nor the Auxiliary Award Notice states the relevant retroactive benefits pertains to the two year period as Plaintiff asserts.  The court further notes that the Initial Award Notice, the Auxiliary Award Notice, and the Subsequent Award Notice all bear the same BNC (Benefits Notice Code), which is "an encrypted 13-character alphanumeric code unique to each notice" and used by the SSA in place of Social Security numbers to identify beneficiaries.  *See* https://www.ssa.gov>legislation>RemovingSocialSecurityNumbers.

**CONCLUSION**

Based on the foregoing, Plaintiff's motion for attorney fees under § 406(b) (Dkt. 32) is GRANTED as to Plaintiff's request for an award of attorney fees of $ 14,629.50 pursuant to 42 U.S.C. § 406(b) and the Commissioner is directed to release the funds withheld from Plaintiff's retroactive benefits upon receipt of which Plaintiff's counsel is directed to remit the previously received EAJA fees of $ 8,009.50 to Plaintiff.
SO ORDERED.

/s/ *Leslie G. Foschio*
_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   October 31, 2024
            Buffalo, New York